NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 29, 2008
Decided December 23, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 06-4102

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *Plaintiff-Appellee*, | |
| *v.* | No. 06 CR 108 |
| THEODORE M. CAVETT, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Chief Judge*. |

## O R D E R

This case returns to us on remand from the Supreme Court for further consideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *Cavett v. United States*, 128 S. Ct. 878 (2008). The parties have filed statements of position under Circuit Rule 54. Defendant Theodore Cavett has asked for a remand for resentencing. The government argues that Cavett waived the *Kimbrough* issue by not adequately developing an argument about the sentencing guidelines' 100:1 crack/powder disparity before the district court or on appeal. As such, the government maintains that no remand is necessary and asks that we affirm

Cavett's sentence.

Cavett mentioned the 100:1 crack/powder ratio twice in his appellate brief: once in his statement of the case and once in his challenge to the reasonableness of the district court's exercise of *Booker* discretion. Beyond referring generally to the unfairness of the disparity, however, he did not develop a *Kimbrough*-type argument on appeal. In the district court, he initially objected to the amount of crack cocaine attributed to him by the Presentence Report ("PSR"), but later reached a compromise with the government on that issue. When asked at sentencing whether he had any other objections to the PSR, his counsel answered: "Just the standard objections to the guidelines as a whole."

Cavett's "omnibus" sort of objection in the district court probably limits our review to the plain-error standard, although we have been very forgiving in our consideration of *Kimbrough* forfeitures; Cavett's appellate reference to the 100:1 crack/powder disparity might be enough to justify at least a limited remand to determine whether the district court would be inclined to resentence him in light of *Kimbrough*. *See United States v. Bruce*, No. 07-3675, 2008 WL 5246042, at *5-7 (7th Cir. Dec. 18, 2008) (discussing whether the defendant adequately raised the *Kimbrough* issue in the district court and on appeal and describing our circuit's treatment of preserved, forfeited, and waived *Kimbrough* arguments); *United States v. Padilla*, 520 F.3d 766, 774 (7th Cir. 2008) (defendant's "oblique" reference to the crack/powder issue in the district court sufficient for full remand for resentencing in light of *Kimbrough*); *United States v. Taylor*, 520 F.3d 746, 747 (7th Cir. 2008) (establishing limited remand procedure for plain-error *Kimbrough* cases); *United States v. Thomas*, 520 F.3d 729, 737 (7th Cir. 2008) (defendant's failure to advance an argument about the 100:1 crack/powder ratio in the district court or on appeal is a waiver of *Kimbrough* issue).

But there is a separate reason Cavett is not entitled to either a full remand for resentencing *or* a limited remand under *Taylor*. Cavett's base offense level of 37 was based on his status as a career offender, *see* U.S.S.G. § 4B1.1, not the quantity of crack cocaine attributed to him. We have held that "a sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines." *United States v. Harris*, 536 F.3d 798, 812-13 (7th Cir. 2008); *see also United States v. Liddell*, 543 F.3d 877, 883-85 (7th Cir. 2008). Accordingly, Cavett's sentence is AFFIRMED.